WOLF MARKS AND ANOTHER, RESPONDENTS, *v.* WILLIAM H. CULMER AND OTHERS, APPEL-LANTS.

APPEAL.—RECORD.—AUTHENTICATION OF STATEMENT.—Where the record shows that a statement upon motion for new trial was actually settled, but not certified and authenticated by the judge, which omission was not noticed upon the argument of the motion for a new trial, but afterwards the clerk obtained an authentication of the statement from the judge, but did not attach the same for some months, it appearing that respondents have suffered no prejudice; *held* that the statement would not be stricken from the record.

ORIGINAL motion of respondents to strike the statement upon motion for new trial from the record. The opinion states the facts.

*Mr. Charles S. Varian, Mr. David Evans* and *Mr. George Sutherland* for the motion.

*Mr. Arthur Brown* and *Mr. Jabez G. Sutherland, contra.*

PER CURIAM.

This is a motion by respondents to strike from the transcript, on appeal, the papers purporting to be a statement on motion for a new trial, because the same is not, and was not, authenticated as required by statute. It appears from the record that the amendments to the statement were allowed, and the motion for a new trial overruled and denied at the same time on the 17th day of June, 1889. At that time there was no authentication attached to said

statement by the judge. On the 21st day of June the clerk, at the request of one of the attorneys in the case, went to Salt Lake City to procure such authentication, and the judge, on a separate piece of paper, gave the same in the following words. "The foregoing statement is correct, and the same is hereby allowed and settled. J. W. JUDD, Judge First District Court of Utah. Dated June 22, 1889." That this authentication was signed by the judge, to be attached to the statement. That the clerk took said authentication, and placed it with the files and papers in the case, but did not attach the same to the statement until January 15, 1890, when, upon his attention being called to the matter, he, upon his own motion, attached the same to the statement. None of the attorneys on either side were present when the judge signed the authentication. We think it sufficiently appears from the record that the statement, at the time the motion for a new trial was overruled was complete in all its respects, except that it was not authenticated by the judge before whom the case was tried. This omission does not appear to have been noticed by the court or counsel at the time the motion was passed upon, and the statement was treated as being sufficient and complete. While the manner of the authentication was certainly irregular, we think no prejudice has resulted to respondents, and the motion to strike the statement from the transcript is overruled.